IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARIELA GONZALEZ,                :
                                 :
        Plaintiff,               :
                                 :
    v.                           : Civil Action No. 06-643-JJF
                                 :
E.I. DUPONT NEMOURS & CO.,       :
                                 :
        Defendant.               :

R. Stokes Nolte, Esquire of NOLTE & ASSOCIATES, Wilmington, Delaware.

Attorney for Plaintiff.

**MEMORANDUM OPINION**

April 4, 2007
Wilmington, Delaware

**Farnan, District Judge**

Pending before the Court is Plaintiff's Response To Rule To Show Cause And Motion To Extend The Time In Which To Serve Defendant (D.I. 4). For the reasons discussed, the Motion will be denied and the action dismissed.

## I. BACKGROUND

On October 17, 2006, Plaintiff filed a Complaint against Defendant alleging racial and gender discrimination in violation of 42 U.S.C. § 1981 and breach of duty of good faith and fair dealing in connection with her employment. On February 28, 2007, the Court issued an Order To Show Cause why the matter should not be dismissed for failure to prosecute (D.I. 3). On March 5, 2007, Plaintiff filed the instant response and motion for an extension of time to serve the Defendant.

By its response to the Court's Order, Plaintiff contends that she is entitled to an extension of time of sixty days to obtain and perfect service for good cause shown. Plaintiff contends that, on October 23, 2006, a summons and Request For Waiver Of Service Of Summons were mailed to Defendant. However, Plaintiff received no response from Defendant within thirty days and determined that a mistake was made as to Defendant's address on the summons.

**II. DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 4(m), the plaintiff has 120 days after the filing of the complaint to effectuate service on the defendant. Fed. R. Civ. P. 4(m). The Court is required to dismiss a complaint without prejudice if the requirements of Rule 4(m) are not satisfied, unless the plaintiff shows good cause justifying an extension of time to complete service. Id. If good cause is demonstrated, the Court must extend the time permitted for service. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). However, if good cause is not demonstrated, the Court has the discretion to either provide for an extension of time for service or dismiss the complaint. Id.

To determine whether good cause exists, courts consider three factors: (1) whether plaintiff made a reasonable effort to effectuate service, (2) whether and to what degree the defendant has been prejudiced, and (3) whether plaintiff sought an extension of time to effectuate service. Farrace v. United States Department of Justice, 220 F.R.D. 419, 420-421 (D. Del. 2004). Courts examining good cause primarily focus on the plaintiff's reasons for not complying with the time limits of Rule 4(m). Id. Moreover, the fact that a defendant has not been prejudiced is insufficient, standing alone, to establish the "good cause" required to justify an extension of time to effectuate service. Id. at 421.

2

Reviewing the circumstances of this case in light of the applicable law, the Court concludes that Plaintiff has failed to effectuate timely service on the Defendant as required by Rule 4(m). Having concluded that Plaintiff did not effectuate service on the Defendant, the Court must determine whether Plaintiff has demonstrated good cause justifying an extension of time. Although the Court finds that Defendant did not suffer undue prejudice as a result of Plaintiff's failure to comply with the service requirements of Rule 4, the Court concludes that Plaintiff has not demonstrated good cause. Plaintiff's sole reason offered for not complying with the 120-day time limit is that the initial service attempt was not perfected because a mistake was made in the Defendant's address on the summons. Plaintiff made no further attempts to effect service even though Plaintiff did not receive any return of service or waiver from the Defendant within the 30-day period for Defendant to respond. Further, Plaintiff did not seek an extension of time until the instant response to the Court's Order. Thus, the Court concludes Plaintiff's actions do not demonstrate a reasonable attempt to effect service and her failure to act evidences the absence of good cause.

Because the Court has concluded that Plaintiff has not established good cause for failure to timely effect service, the Court will consider whether, in the exercise of its discretion, Plaintiff should be granted an extension beyond the 120-day

3

period provided by Rule 4(m).  The Third Circuit has not provided an exhaustive list of factors district courts should consider when deciding whether to exercise their discretion; however, the Third Circuit has advised district courts that the Advisory Committee Notes to Rule 4 provide some guidance.  Petrucelli, 46 F.3d at 1305-06.  According to the Advisory Committee Notes, one consideration which may justify an extension is whether the applicable statute of limitations has run.  Fed. R. Civ. P. 4, Advisory Committee's Note to the 1993 Amendments.  Other factors include: whether the defendant has evaded service; whether service was required to be made on multiple defendants; and, whether the plaintiff is appearing pro se.  Id.  None of these factors is present here.  Because dismissals under Rule 4 for failure to timely serve process are made without prejudice and because the statute of limitations has not yet run, the Court concludes that it need not exercise its discretion to grant Plaintiff an extension of time to effect service.  Accordingly, the Court will deny Plaintiff's Motion and dismiss the action without prejudice.

    An appropriate Order will be entered.